An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-959

NORTH CAROLINA COURT OF APPEALS

Filed: 17 March 2015

STATE OF NORTH CAROLINA

v.

ROBIN OTTO WORTH, JR.

Rowan County

Nos. 09 CRS 4712, 50188

Appeal by Defendant from judgment entered 30 April 2014 by Judge Mark E. Klass in Rowan County Superior Court. Heard in the Court of Appeals 23 February 2015.

*Attorney General Roy Cooper, by Special Deputy Attorney General Amy Bircher, for the State.*

*Patterson Harkavy LLP, by Narendra K. Ghosh, for Defendant.*

STEPHENS, Judge.

Defendant Robin Otto Worth, Jr., appeals from the judgment entered after a jury found him guilty of assault with a deadly weapon inflicting serious injury, and he thereupon pled guilty to having attained habitual felon status. Defendant contends the trial court committed plain error by failing to instruct the jury on the lesser-included offense of assault with a deadly weapon. We find no error.

On 31 December 2008, Michael Kirksey and Defendant's mother, who were involved in a romantic relationship, got into an argument at a New Year's Eve party. At some point after midnight, Defendant's mother called him and asked him to come and get her from Kirksey's home. Kirksey was sitting on his front porch while Defendant's mother waited to be picked up. Three men, including Defendant, arrived and attacked Kirksey. Defendant kicked and punched Kirksey, and then hit him with a metal folding chair.

At least one of the blows struck Kirksey in the head and broke his jaw. However, because Kirksey did not initially realize the severity of the injury to his jaw, he did not seek medical treatment for several days. An emergency room doctor later provided Kirksey with crutches to cope with the effects of the injury. Kirksey had surgery on his jaw about a week after the incident. His jaw was wired shut for about six weeks, and he could not eat solid food during that time. At trial, Defendant stipulated that Kirksey received medical treatment for a fractured jaw on 9 January 2009.

The jury found Defendant guilty of assault with a deadly weapon inflicting serious injury, and Defendant pled guilty to having attained habitual felon status. The trial court sentenced Defendant to 107 to 138 months in prison. Defendant appeals.

Defendant's sole argument on appeal is that the trial court committed plain error by failing to submit the lesser-included offense of assault with a deadly weapon to the jury, contending that Kirksey's failure to seek immediate medical treatment was substantial evidence that Kirksey did not suffer a serious injury. We disagree.

Defendant concedes he did not request additional jury instructions and that we must, therefore, review the trial court's instructions for plain error. *See* N.C.R. App. P. 10(a)(4). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice — that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation and internal quotation marks omitted). "Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]" *Id*. (citation and internal quotation marks omitted). "Where the evidence is sufficient to support the offense submitted to the jury, it is not plain error for the trial court to refuse to submit

a lesser charge." *State v. Wright*, 210 N.C. App. 52, 68, 708 S.E.2d 112, 124 (citation omitted), *disc. review denied*, 365 N.C. 200, 710 S.E.2d 9 (2011).

"The elements of [assault with a deadly weapon inflicting serious injury] are (1) an assault (2) with a deadly weapon (3) inflicting serious injury (4) not resulting in death." *State v. Aytche*, 98 N.C. App. 358, 366, 391 S.E.2d 43, 47 (1990). In considering whether an assault victim suffered a serious injury, "[p]ertinent factors for jury consideration include hospitalization, pain, blood loss, and time lost at work." *Wright*, 210 N.C. App. at 69, 708 S.E.2d at 124 (citation and internal quotation marks omitted).

We find the pertinent factors here extremely similar to those we addressed in rejecting the same argument in *Wright*. In that case, the defendant hit the victim in the head and knee with a lead pipe. *Id*. at 69, 708 S.E.2d at 125. The victim ran to a neighbor's house to call 911, but only later realized she was unable to walk normally. *Id*. When she was taken to the hospital, the victim received treatment for contusions and bruises and was on crutches for more than a week. *Id*. at 69-70, 708 S.E.2d at 125. This Court held that the trial court did not commit plain

error by not submitting the lesser-included charge of assault with a deadly weapon to the jury.  *Id*. at 70, 708 S.E.2d at 125.

Here, the evidence tended to show that Defendant punched and kicked Kirksey, and struck him in the face with a metal folding chair.  Kirksey testified that he felt the blow Defendant struck to his jaw with the chair, but did not immediately appreciate the seriousness of his injuries and did not seek medical care until a few days later.  When he did obtain medical care, Kirksey was issued crutches and required surgery on his broken jaw.  His jaw was then wired shut for six weeks.  Moreover, Defendant stipulated that Kirksey received treatment for a fractured jaw.  Here, as in *Wright*, our review of the record fails to convince us that, absent the alleged instructional error, the jury would have reached a different result.  Accordingly, we find

NO ERROR.

Chief Judge MCGEE and Judge HUNTER, JR. concur.

Report per Rule 30(e).